Gregory DAVIES, Richard Davies and Carol A. Davies,
Plaintiffs-Appellants,

v.

Richard HEIMAN and Mary Heiman, Defendants,

SAFECO INSURANCE COMPANY OF AMERICA, Defendant-
Respondent.

Court of Appeals

*No. 93–3077. Submitted on briefs May 31, 1994.—Decided
July 6, 1994.*

(Also reported in 520 N.W.2d 917.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Robert J. Urban* of *Robert J. Urban Law Offices* and *Burton A. Strnad* and *Alan W. Herzberg, Jr.* of *Burton A. Strnad, S.C.* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Lawrence P. Zieger* and

*Mark Schlei* of *Mitchell, Baxter & Zieger, S.C.* of Milwaukee.

Before Anderson, P.J., Brown and Nettesheim, JJ.

BROWN, J.   The dispute here concerns whether service of the insurer, through the Office of the Commissioner of Insurance, was effectuated within the required sixty-day time period. We hold that the commissioner was not timely provided with the correct number of copies of the summons and complaint. Therefore, service was not accomplished. We affirm the trial court's dismissal of the case.

The plaintiffs, Gregory Davies, Richard Davies and Carol A. Davies (the Davies), filed their summons and complaint in this personal injury action with the Waukesha County Clerk of Courts office on December 17, 1992. Following a delay of almost sixty days, on February 15, 1993, the commissioner's office received from the Davies two copies of the summons and complaint with directions to serve Safeco Insurance Company of America and Safeco Insurance Company of Illinois. That same day, the commissioner's office prepared correspondence to the Davies' attorney that process could not be served because the correct number of copies had not been provided for the two insurance companies. The correspondence further explained that effective service required one identical copy for each insurer to be served and one additional, identical copy for the office records. In other words, the Davies should have provided three copies of the summons and complaint, but sent only two.

Thereafter, also on the same day, the Davies' attorney telephoned to verify service. The attorney was advised that the number of copies was insufficient and,

therefore, the copies of the summons and complaint were being returned. The attorney requested that the commissioner's office not send back the two copies but hold them until an additional copy was brought into the office.

The next day, February 16, 1993, the Davies' attorney delivered the additional copy. As a result, the commissioner's office prepared two certificates of service of legal process, one each for Safeco of America and Safeco of Illinois. The certificates reflected that the required additional copy was delivered to the office on February 16, 1993. The problem which developed is that the sixtieth day for service of the summons fell on February 15. Thus, the completed summons process occurred one day late. On February 17, 1993, the office mailed process to both Safeco of America and Safeco of Illinois.

Subsequently, Safeco of America filed a motion to dismiss for lack of jurisdiction due to insufficient service. Safeco of Illinois never responded to the process, undoubtedly because it was not named as a party to the action. The trial court granted the motion, which brings us to the appeal.

The Davies point out that Safeco of America was the only insurer named in the summons and complaint. While the Davies also requested service on Safeco of Illinois, they note that Safeco of Illinois was not named as a party. The Davies reason that even though they asked the commissioner's office to serve both Safecos, the fact is that only one of these entities was the actual party. They therefore assert that one of the two copies sent to the commissioner by the sixtieth day—February 15—should be construed by the courts to apply only to Safeco of America and the other copy should be construed to be for the commissioner's

records. They claim that service upon Safeco of America was timely.

In support of their argument, the Davies cite to § 801.13(1), STATS., which tells when a summons is deemed served, and § 601.73(1) and (2), STATS., which explains the procedure for process through the commissioner. Section 801.13(1) says, "a summons served personally upon the defendant or by substituted personal service upon another authorized to accept service of the summons for the defendant is deemed served on the day of service." The Davies read this statute to say that only those who are actually parties to the action may be served. Section 601.73(1) and (2), STATS., says in pertinent part:

> **Procedure for service of process through state officer. (1)** REQUIREMENTS FOR EFFECTIVE SERVICE. Service upon the commissioner . . . is service on the *principal* [emphasis added] if:
>
> (a) Two copies of the process are left in the hands or office of the commissioner . . ..
>
> . . ..
>
> **(2)** COMMISSIONER'S ACTION . . ..
>
> (b) *Process mailed.* The commissioner . . . shall send immediately by certified mail to *the person served,* [emphasis added] at the person's last-known principal place of business . . ..

The Davies read these two statutes together to mean that the term "principal" is the same as the term "party" and that service of process therefore pertains only to a named party. The Davies seem to reason that even though their attorney requested service on both Safecos, the only service with legal force was the request for service on Safeco of America and that the two copies timely sent to the commissioner were sufficient to effectuate that service.

Answering the question involves statutory interpretation. Once interpreted, we must apply the facts to the interpreted law. When such is the case, it is a question of law. *See Midwest Developers v. Goma Corp.*, 121 Wis. 2d 632, 651, 360 N.W.2d 554, 564 (Ct. App. 1984). Since it is a question of law, this court reviews the issue de novo, without deference to the trial court. *See id.*

The fallacy in the Davies' reasoning begins and ends with their proposition that the term "principal" means the same thing as a "party to an action." It does not. The commissioner is by law the attorney for all insurers authorized to do business in this state for the purpose of service of summons upon them. Section 601.72(1), STATS. The relation of attorney and client in its general features is that of principal and agent and is governed by the same rules which are applicable to other agencies. *Ryan v. Department of Taxation,* 242 Wis. 491, 496, 8 N.W.2d 393, 396 (1943). This is the meaning of the term "principal" in § 601.73(1), STATS.

It is not unheard of for a plaintiff to "serve" another person even though the person is not a party. The service of that person bears no meaningful legal significance. However, plaintiffs have been known to "serve" nonparties anyway, most often to forward some kind of notice. It is also not unheard of that a person's attorney may be "served" even though the person is not a party. Again, the service has no legal significance, but there has been a delivery of papers. While "service" on a nonparty has no legal significance, it is not, in the absence of abuse of process, an illegal act either.

So here, an insurer may be "served" through the commissioner even though that insurer is not a party

to the action. In fact, this is exactly what the Davies were trying to accomplish by serving Safeco of Illinois, a nonparty, through the commissioner. The attorney contended that he wanted to serve Safeco of Illinois simply as a matter of courtesy. We conclude that it is not necessary for a principal to also be a party in order for the commissioner to be authorized to accept service.

To conclude otherwise would be contrary to the clear and unambiguous meaning of the statute. The commissioner has not been given the duty by statute to determine which principal is named as a party. Rather, the duty it has been given is to accept service for all insurers if the proper number of copies are provided. Thus, the Davies' argument runs counter to the unambiguous meaning of the statute.

Moreover, adopting the Davies' argument would impose a bureaucratic nightmare upon the commissioner. In every case where a plaintiff would request service of multiple insurers, the commissioner would have to first determine which of its principals were named parties. Then, the commissioner would have to sort out the number of copies sent by the plaintiff and match them with those insurers named as parties. If there were sufficient copies for the named parties, mailing would commence as to those parties. The commissioner would have to exercise some sort of discretion to determine which copies were for which insurers if an insufficient number were sent by the plaintiff. It would be an ineffective use of administrative resources to visit this duty upon the commissioner when it more properly should fall upon the plaintiff.

The commissioner's task as attorney for its principal is ministerial only. The legislature decreed that upon the receipt of one copy of the process for the commissioner's files and one copy for the principal, the

commissioner has a duty to mail the copy to its principal. Section 601.73, STATS. If the commissioner does not have receipt of these items, the commissioner is not required by law to go further and mail the summons and complaint to its principal. *See id.* In this case, the request was to mail service to two of the commissioner's principals, but the number of copies was insufficient. The commissioner could not, by statute, undertake the role of attorney until a sufficient number of copies was provided.

In sum, the commissioner was not authorized to act as attorney for the purpose of accepting service until the statutory conditions were met. Thus, service was not accomplished because the commissioner was not yet acting as the attorney. The trial court arrived at the same conclusion through similar reasoning and is affirmed.

*By the Court.*—Judgment affirmed.