BAIRD CONTRACTING, INC., Plaintiff-Appellant,

v.

MID WISCONSIN BANK OF MEDFORD, Garnishee-Defendant-Respondent,

CENTRAL SAND & GRAVEL, INC., Defendant.

Court of Appeals

*No. 94–1684–FT. Submitted on briefs September 12, 1994.—Decided November 16, 1994.*

(Also reported in 525 N.W.2d 376.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James J. Skyberg* of *Kaminski, Pozorski & Greig* of Manitowoc.

On behalf of the garnishee-defendant-respondent, the cause was submitted on the brief of *William A. Grunewald* of *Nikolay, Jensen, Scott, Gamoke & Grunewald, S.C.* of Medford.

Before Anderson, P.J., Brown and Snyder, JJ.

BROWN, J.   Baird Contracting, Inc. has appealed from an order dismissing its garnishment action against the respondent, Mid Wisconsin Bank of Medford.

Default judgment initially was entered in favor of Baird and against the bank when the bank failed to file a timely answer to a garnishee summons and complaint served upon Lori Mahl, a bookkeeping

supervisor for the bank. The bank moved to vacate the default judgment and the trial court granted the motion, determining that the bank's failure to file a timely answer constituted excusable neglect. The sole issue on appeal is whether the trial court erroneously exercised its discretion when it reopened the default judgment based on excusable neglect. We hold that the trial court did not erroneously exercise its discretion; therefore, we affirm the order of the trial court.

A motion to vacate a default judgment is addressed to the sound discretion of the trial court, and this court will not disturb the trial court's determination absent an erroneous exercise of that discretion. *Maier Constr., Inc. v. Ryan*, 81 Wis. 2d 463, 472, 260 N.W.2d 700, 704 (1978).[1] A trial court properly exercises its discretion when it examines the relevant facts, applies the proper standard of law and, using a demonstrated rational process, reaches a conclusion that a reasonable judge could reach. *Gerth v. American Star Ins. Co.*, 166 Wis. 2d 1000, 1006-07, 480 N.W.2d 836, 839 (Ct. App. 1992).

A defendant may obtain relief from a default judgment by showing excusable neglect and a meritorious defense to the action. *Maier Constr.*, 81 Wis. 2d at 472, 260 N.W.2d at 703. Excusable neglect is that neglect which might have been the act of a reasonably prudent person under the circumstances. *Id.* at 473, 260 N.W.2d at 704.

---

[1] The Wisconsin Supreme Court has changed the terminology used in reviewing a trial court's discretionary act from "abuse of discretion" to "erroneous exercise of discretion." *State v. Plymesser*, 172 Wis. 2d 583, 585 n.1, 493 N.W.2d 367, 369 (1992). The substance of the standard of review, however, has not changed. *Id.* at 586 n.1, 493 N.W.2d at 369.

In considering a motion to vacate a default judgment, the trial court is required to bear three factors in mind: (1) that the statute relating to the vacation of default judgments is remedial in nature and should be liberally construed; (2) that the general policy of the law favors giving litigants their day in court with an opportunity to try the issues; and (3) that default judgments are regarded with disfavor in the eyes of the law. *Id.* at 472, 260 N.W.2d at 704. The prompt action of the defendant in seeking relief from the judgment is also a factor to be considered. *Id.*

In granting the bank's motion, the trial court noted that the bank moved for relief on December 6, 1993, within less than three weeks of the date the bank learned that default judgment had been entered against it on November 9, 1993. The trial court also found that service of the summons and complaint was originally made on the bank on October 11, 1993 by service on Mahl, a bookkeeping supervisor. The trial court found that while Mahl was a bank supervisor, she did not have the training an attorney would have in legal matters. It also relied on information in Mahl's affidavit indicating that the bookkeeping department was "swamped" with work at the time service was made and was short staffed because of office turnover.

Mahl's affidavit also indicated that construction activities were ongoing in her building at the time the summons and complaint were served, interrupting activities in her department. She indicated that she had been employed in the supervisory position for only six months, was learning her duties on the job and had no formal training in responding to summonses and complaints. She indicated that she set the summons and complaint from Baird aside after receiving them,

325

and they mistakenly got "buried" on her desk while she met other responsibilities and deadlines in the performance of her duties.

Based on the trial court's findings and Mahl's affidavit, we conclude that the trial court properly exercised its discretion in vacating the judgment. As noted by the trial court, this case is distinguishable from *Dugenske v. Dugenske*, 80 Wis. 2d 64, 257 N.W.2d 865 (1977), where service was made on an attorney. In determining that the lawyer's mislaying of a file during an office move did not constitute excusable neglect, the *Dugenske* court concluded that a policy which excused attorneys' neglect would foster delay in litigation and that the quality of legal representation was best maintained by refusing to overlook the effects of a lawyer's negligence. *Id.* at 70, 257 N.W.2d at 868. Similarly distinguishable is *Gerth*, 166 Wis. 2d at 1007-08, 480 N.W.2d at 840, which involved an unexplained delay in transmitting a summons and complaint served on an insurance company office and a delay in responding to the complaint by the company's claims manager whose job it was to handle legal documents.

While attorneys and insurance company claims employees are regularly involved with lawsuits and trained to recognize the importance of timely responding to legal documents, the same is not necessarily true of a bank. Based on this distinction, the trial court was not required to accept Baird's argument that the bank was inexcusably negligent for failing to better train its supervisor or more fully staff its office. Evaluation of a bank's conduct requires a case-by-case determination. Based on the facts of record in this case regarding Mahl's workload and inexperience in legal matters and

the bank's promptness in moving to reopen the judgment, the trial court could reasonably determine that the bank's failure to file a timely answer constituted excusable neglect and justified relief.

*By the Court.*—Order affirmed.