Marjorie LEONARD and Larry Leonard, Plaintiffs-Respondents,

v.

Judy R. CATTAHACH, American Family Mutual Ins. Co., Sandra K. Conley, Defendants,

DUPONT MUTUAL INSURANCE CO., Defendant-Appellant,

WISCONSIN PHYSICIANS SERVICE INSURANCE CORPORATION, Defendant-Respondent.

Court of Appeals

*No. 96–3167. Submitted on briefs June 6, 1997.—Decided October 16, 1997.*

(Also reported in 571 N.W.2d 444.)

239

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael R. McCanna*

and *Michael P. Konz* of *McCanna, Konz, Dudas & Assoc., S.C.* of Appleton.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Lynn R. Laufenberg* and *Danuta E. Kurczewski* of *Cannon & Dunphy, S.C.* of Brookfield.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Robert J. Shannon* of *Anderson, Shannon, O'Brien, Rice & Bertz* of Stevens Point.

Before Eich, C.J., Vergeront and Roggensack, JJ.

ROGGENSACK, J. The DuPont Mutual Insurance Company (DuPont) seeks review of a default judgment granted against it for failing to timely answer a summons and complaint served on it through the office of the commissioner of insurance pursuant to § 601.73, STATS. DuPont claims that its answer was timely under the extension provisions of § 801.15(5), STATS. Alternatively, even if its answer was filed late, DuPont maintains that the circuit court erroneously exercised its discretion when it refused to find excusable neglect, denied DuPont's motion for an enlargement of time, and struck the answer. Finally, DuPont argues that, even if the answer was properly stricken, the circuit court erred by entering final judgment for damages in excess of DuPont's policy limits. However, because we conclude that § 801.15(5) does not apply when the summons and complaint are served pursuant to § 601.73, that the circuit court acted within its discretion when it found DuPont's proffered reasons for its tardiness were insufficient to constitute excusable neglect, and that the default judgment precluded DuPont from raising its policy limits as an

241

affirmative defense through the answer of its insured, we affirm the judgment of the circuit court.

## BACKGROUND

On March 12, 1995, Marjorie and Larry Leonard were struck by a car as they walked along the edge of a road, when Judy Cattahach veered across the centerline to avoid hitting an unattended dog owned by Sandra Conley. The Leonards brought suit against both Cattahach and Conley. Conley was insured up to $100,000 on a homeowner's policy by DuPont. The defendants' insurers were also made parties to the suit.

The Leonards filed their complaint with the clerk of court for Waupaca County on May 8, 1995. On May 9, 1995, they personally served a summons and complaint on Conley and faxed DuPont a copy of the same pleadings. On May 10, 1995, the office of the commissioner of insurance received by mail two copies of the summons and complaint for substituted service on DuPont pursuant to § 601.73, Stats. On May 11, 1995, the commissioner's office mailed the process to DuPont.

On May 12, 1995, DuPont received the mailed summons and complaint, and forwarded them to its adjuster, the Wisconsin Adjusting Service (WAS), which was authorized to respond on its behalf. On May 15, 1995, the WAS claims manager sent the file containing the summons and complaint to the accounting department for payment of an invoice, with instructions to return the file to the claims adjuster, but without saying when the adjuster needed the file. This oversight was not discovered until June 1, 1995, when WAS received a cross-pleading from another party. DuPont immediately hired outside counsel and mailed a combined answer for Conley and itself that same day. It also filed a motion for an enlargement of time, since

twenty-one days had passed from the time the insurance commissioner had mailed the process to DuPont.

The Leonards moved to strike DuPont's answer as untimely. The circuit court granted their motion, and entered default judgment against DuPont on July 19, 1995. However, because it found that Conley acted promptly and responsibly when she was served, it did find excusable neglect in regard to the lateness of her answer and did not grant default judgment against her. On September 17, 1996, after a hearing on damages, the circuit court entered judgment against DuPont for damages in excess of its policy limits. On November 8, 1996, based on the stipulation of the parties, all claims against Conley were dismissed without prejudice.

## DISCUSSION

**Standard of Review.**

■
The relevant facts of this case are not in dispute. Therefore, the date on which the Leonards effected service, and the date on which DuPont's answer was due under § 601.73, STATS., involve statutory construction which is a question of law that we review *de novo. See Davies v. Heiman*, 186 Wis. 2d 370, 376, 520 N.W.2d 917, 919 (Ct. App. 1994).

[2]
Once a statutory deadline has been missed, the circuit court has discretion to determine whether excusable neglect exists. *Gerth v. American Star Ins. Co.*, 166 Wis. 2d 1000, 1006, 480 N.W.2d 836, 839 (Ct. App. 1992). We will not disturb a discretionary determination so long as the record shows that the circuit

court logically interpreted the facts and applied the proper legal standard to them. *Id.*

We will independently determine, however, whether an insurer has met its burden of pleading and proving its policy limits. *Price v. Hart*, 166 Wis. 2d 182, 189, 480 N.W.2d 249, 251 (Ct. App. 1991).

## Timeliness of Answer.

An action against an insurance corporation is begun by the service of a summons as provided in § 801.11, STATS.[1] The initial complaint is generally served with the summons. A defendant must serve its answer within twenty days after the service of the complaint. Section 802.06(1),[2] STATS. When effecting service through the commissioner of insurance, service on the commissioner is service on the insurance company under § 601.73(1), STATS., so long as: (1) two copies of the process were left in the hands or office of the commissioner, and (2) the commissioner mailed a copy of the process to the person served according to § 601.73(2)(b).[3] Section 601.73(1). Service fails if the plaintiff fails to provide the correct number of copies to the commissioner or if the commissioner for some reason neglects to fulfill his statutory duties. *Davies*, 186

---

[1] Section 801.11(5)(c), STATS., links with § 601.72, STATS., to establish personal jurisdiction.

[2] Section 802.06(1), STATS., was slightly modified by 1995 Wis. Act 411, § 1, eff. June 21, 1996, but the change is not relevant here.

[3] Section 601.73, STATS., was amended to allow service on the department of financial institutions as well as on the commissioner by 1995 Wis. Act 27 §§ 7012b to 7016b., eff. July 1, 1996, but this change does not affect our analysis.

Wis. 2d at 378, 520 N.W.2d at 920; Legislative Council Note, 1979, § 601.73.

Section 601.73(2)(c), STATS., 1993–94[4] further provided:

> *Default judgment.* No plaintiff or complainant is entitled to a judgment by default in any proceeding in which process is served under ss. 601.72 and 601.73 until the expiration of 20 days from the date of mailing of the process under par. (b).

The central dispute in this case is whether the three-day enlargement of § 801.15(5), STATS., is available for a complaint mailed pursuant to § 601.73(1)(b), STATS. This is an issue of first impression in Wisconsin, as the interaction among § 801.15(5)[5] and § 601.73(1)(b) and (2)(c) has not been previously addressed in any published appellate decision.

When we are asked to apply a statute whose meaning is in dispute, our efforts are directed at determining legislative intent. *Truttschel v. Martin*, 208 Wis. 2d 361, 365, 560 N.W.2d 315, 317 (Ct. App. 1997). We begin with the plain meaning of the language used in the statute. *Id.* If the statutory language clearly and unambiguously sets forth the legislative intent, our inquiry ends, and we must apply that language to the facts of the case. However, if the statutory language is

---

[4] The cross-reference for this paragraph was updated by 1995 Wis. Act 27, § 7017, eff. July 29, 1995, to refer to "this section."

[5] Section 801.15(5), STATS., states in relevant part:

> Whenever a party has the right or is required to do some act . . . within a prescribed period after the service of a notice or other paper upon the party:
> (a) If the notice or paper is served by mail, 3 days shall be added to the prescribed period.

capable of more than one meaning, we will determine legislative intent from the words of the statute in relation to its context, subject matter, scope, history, and the object which the legislature intended to accomplish. *Id.* We will also look to the common sense meaning of the statute to avoid unreasonable and absurd results. *Kania v. Airborne Freight Corp.*, 99 Wis. 2d 746, 766, 300 N.W.2d 63, 71 (1981) (citation omitted).

Ambiguity may be created by the interaction of two separate statutes, as well as by the language of a single statute. *State v. Kenyon*, 85 Wis. 2d 36, 49, 270 N.W.2d 160, 166 (1978). We conclude that such is the case here. Section 601.73(2)(b), STATS., is ambiguous as to whether the process referenced is included within the meaning of the term, "service of a . . . paper," used in § 801.15(5), STATS.

DuPont uses the interplay between these two statutes to argue that if, on May 9, 1995, the Leonards had mailed their summons and complaint directly to DuPont, rather than to the insurance commissioner, DuPont would have had twenty-three days to answer—that is, until June 1, 1995. DuPont argues that § 601.73, STATS., should not be interpreted in a manner which would give a defendant who has been served by substitution less time to respond than that enjoyed by a defendant who has been served directly. Therefore, DuPont maintains, either three days should be automatically added to the twenty-day time period after the insurance commissioner mails process to an insured, or three days should be added to the time from which the plaintiff mailed the complaint to the insurance commissioner. There are at least two problems with DuPont's contentions. First, the Leonards could

not have obtained personal jurisdiction over DuPont by *mailing* the original process (summons and complaint) to it. Section 801.11(5), STATS., does not permit service by mail of original process, so there would not have been an occasion to employ § 801.15(5), STATS., to the service at issue here.

Second, the specific statutory provisions for service provided by §§ 601.72 and 601.73, STATS., in and of themselves, do not support the interpretations that DuPont advances. The very essence of substituted service is that some person or entity receives process on another's behalf. Therefore, the insurer, itself, is effectively served the moment that the commissioner is served, so long as the procedures of § 601.73(1) are followed. *Davies*, 186 Wis. 2d at 378, 520 N.W.2d at 920; *see also* § 801.13, STATS. (deeming a summons served on the day that it is served to someone authorized to accept service). It would make absolutely no sense to add three days to the period of time in which to respond to a complaint based on an event (the subsequent mailing by the commissioner) which occurs *after* service has been achieved. Stated another way, the subsequent mailing of the complaint to DuPont did not constitute "service of a notice or other paper" within the meaning of § 801.15(5), STATS., because service had already occurred. Therefore, mailing process to DuPont could not trigger § 801.15(5).

In a like manner, while the receipt of the summons and complaint by the insurance commissioner constituted service if other subsequent acts also occurred, it did not trigger either the twenty-day period of time to answer under § 802.06(1), STATS., or the three-day enlargement of that time under § 801.15(5)(a), STATS. Rather, § 601.73(2)(c), STATS., tolls the running of the

answer period until the commissioner actually mails the process to the insured, thereby creating a specific default provision useable only with this mode of service. Thus, rather than counting the insured's time to answer from the moment it was served through the commissioner, as may be the case for other defendants served through attorneys or agents authorized to receive process, the statute serves to extend the answer period by the amount of time it takes the commissioner to forward the process. This extension of time is more specific than the general three-day enlargement under § 801.15(5)(a); therefore, § 601.73(2)(c) takes precedence, and the three-day enlargement of time is inapplicable. *See City of Milwaukee v. Kilgore*, 193 Wis. 2d 168, 185, 532 N.W.2d 690, 696 (1995). Therefore, we conclude the circuit court was correct in determining that DuPont's answer was not timely.

**Excusable Neglect.**

DuPont next argues that the circuit court erroneously exercised its discretion by refusing to enlarge its time to answer and granting a default judgment. Since DuPont made its motion to enlarge time after the expiration of time to answer the complaint, the motion could not be granted absent a finding of reasonable grounds for the company's noncompliance with the statutory time period. *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 468, 326 N.W.2d 727, 731 (1982). Section 801.15(2)(a), STATS., provides:

> When an act is required to be done at or within a specified time, the court may order the period enlarged but only on motion for cause shown and upon just terms. . . . If the motion is made after the

expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect.

Excusable neglect is "not synonymous with neglect, carelessness or inattentiveness," but rather is "that neglect which might have been the act of a reasonably prudent person under the same circumstances."[6] *Hedtcke*, 109 Wis. 2d at 468, 326 N.W.2d at 731 (citation omitted). Summer vacations and heavy workloads do not provide, in and of themselves, a sufficient excuse for missing statutory deadlines. *Giese v. Giese*, 43 Wis. 2d 456, 461, 168 N.W.2d 832, 834 (1969). Furthermore, while "prompt remedial action after the expiration of the statutory time limit is a material factor bearing on whether relief should be granted [in the interests of justice], prompt action does not eliminate the requirement that a dilatory party demonstrate excusable neglect for its initial failure to meet the statutory deadline." *Hedtcke*, 109 Wis. 2d at 475, 326 N.W.2d at 734 (citation omitted). Therefore, the circuit court applied the proper legal standard in this case, noting that while DuPont's prompt remedial action might be relevant to the equities of the case, it did not explain why no action was taken in the preceding twenty days.

DuPont cites *Sentry Ins. v. Royal Ins. Co. of America*, 196 Wis. 2d 907, 539 N.W.2d 911 (Ct. App. 1995), for the proposition that a clerical error may constitute excusable neglect. We agree; but, here, there was no showing of unintentional misplacement.

---

[6] Because this standard is substantially similar to that used to relieve a party from a default judgment under § 806.07, STATS., cases dealing with that subsection are also relevant here. *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 468, 326 N.W.2d 727, 731 (1982).

Rather, the Leonard/Conley file was *intentionally* sent to the accounting department without any established procedure to ensure a timely return. This was not a "clerical" error. DuPont and its agent were aware of the complaint and of the need to file a timely answer. WAS offered no explanation of why its accounting department failed to send the file back to the insurance adjuster, and the only reason the adjuster offered for failing to check on the file was that he was busy. The circuit court's finding that this explanation was inadequate to constitute excusable neglect was well within its range of discretion.

Additionally, because the circuit court was entitled to find that DuPont's failure to timely answer the complaint was not the result of excusable neglect, it also did not abuse its discretion when it refused to grant DuPont an enlargement of time and entered default judgment. *Gerth*, 166 Wis. 2d at 1007, 480 N.W.2d at 840.

**Policy Limits.**

"Without a valid answer, [an insurer] is deemed by law to have admitted, without qualification, [the] allegation that it covered [the insured's] liability for negligence." *Martin v. Griffin*, 117 Wis. 2d 438, 440, 344 N.W.2d 206, 208 (Ct. App. 1984). The plaintiffs in this case alleged that DuPont had issued an insurance policy to Conley which was in effect at the time of their injuries and which provided that the company would "pay all sums which Sandra K. Conley might become legally obligated to pay as a consequence of injuries resulting from her negligent acts." DuPont's answer was stricken in its entirety. Therefore, the plaintiffs' allegations are taken as true, as to DuPont.

DuPont argues that the circuit court should nonetheless have taken account of its policy limits, because Conley's part of the combined answer was allowed to stand and that pleading states that DuPont's policy of insurance had terms and limitations on DuPont's obligation to pay. However, we will not presume that Conley's portion of the answer[7] was meant by Conley to plead DuPont's policy limits and thereby increase her exposure, if damages proved to be greater than those limits. *Price*, 166 Wis. 2d at 190, 480 N.W.2d at 252. Such an interpretation would shift the consequences of DuPont's failure to answer to Conley. Therefore, we conclude the circuit court properly entered judgment for the entire amount of damages proved.

## CONCLUSION

We conclude that § 801.15(5), STATS., does not apply to original process served pursuant to § 601.73, STATS., because the latter statute contains more specific provisions. Therefore, DuPont's answer was properly deemed late. The circuit court also properly determined that no excusable neglect existed, and that the default judgment precluded DuPont from raising its policy limits as an affirmative defense.

---

[7] Although the Leonards' complaint alleged only that DuPont had an obligation to pay "all sums which Sandra K. Conley might become legally obligated to pay," DuPont did not argue to the circuit court, and has not argued to us, what effect Conley's answer, which denied negligence and asserted a crossclaim against co-defendant Judy Cattahach, had on the apportionment of negligence and thus on DuPont's exposure to damages. Therefore, we do not address that issue either. *Waushara County v. Graf*, 166 Wis. 2d 442, 453, 480 N.W.2d 16, 20 (1992).

*By the Court.*—Judgment affirmed.