# COURT OF APPEALS
# DECISION
# DATED AND FILED

## June 2, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1126**

Cir. Ct. No. **2018CV3322**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

LYNN GARNER ROBBINS,

    PLAINTIFF-APPELLANT,

NANCY K. SKIDMORE,

    PLAINTIFF,

ALEX M. AZAR, III AND ROBERT WILKIE,

    SUBROGATED PLAINTIFFS,

  V.

RUSS DARROW-MADISON, LLC,
UNIVERSAL UNDERWRITERS COMPANY SERVICES CORP.,
AND BRICKNER'S OF ANTIGO, INC.,

    DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Dane County: EVERETT MITCHELL, Judge. *Reversed and cause remanded for further proceedings*.

Before Blanchard, P.J., Fitzpatrick, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Lynn Garner Robbins appeals an order of the Dane County Circuit Court that dismissed her lawsuit against Russ Darrow-Madison, LLC, Universal Underwriters Company Services Corp., and Brickner's of Antigo, Inc. as a sanction for her spoliation of evidence. Robbins argues that the circuit court erroneously exercised its discretion in dismissing her lawsuit because: (1) she discharged her duty to preserve the missing evidence; (2) the missing evidence could be obtained from other sources; and (3) the circuit court did not determine that her spoliation of the evidence was "egregious," and that determination is necessary to impose the sanction of dismissal. Robbins's first two arguments fail. However, we conclude that the circuit court did not properly exercise its discretion in dismissing Robbins's lawsuit because it did not determine that Robbins's spoliation of evidence was egregious. Therefore, we reverse the circuit court's order and remand for the circuit court to set forth its findings of fact regarding a sanction for the spoliation, apply the proper legal standard, and provide its reasoning as to the proper sanction, if any, for Robbins's conduct.

## BACKGROUND

¶2 For purposes of deciding the issues raised in this appeal, there is no dispute as to the following material facts.

¶3      Robbins purchased a Jeep Cherokee in 2015.  Several months after the purchase, Robbins began experiencing issues with the Jeep's transmission.  The manufacturer authorized the installation of a new transmission pursuant to the vehicle's warranty, and the new transmission was installed in April 2016 by Russ Darrow-Madison, LLC ("Russ Darrow"), a car dealership in Madison.[1]

¶4      In May 2016, a few weeks after Russ Darrow installed the new transmission, a power surge occurred while Robbins was driving the Jeep, and the power surge caused the vehicle's power steering to freeze.  The Jeep left the road and crashed into a ravine, and Robbins and her passenger suffered injuries.  Robbins then took the Jeep to Brickner's of Antigo, Inc. ("Brickner's"), a car dealership in Antigo.  Brickner's performed repairs on the transmission and returned the Jeep to Robbins.

¶5      About a month later, Robbins's vehicle experienced another power surge that resulted in the Jeep colliding with a post.  Robbins informed Brickner's of the collision, and at that time Brickner's did not take any action concerning the vehicle.  A few weeks later, while driving on a highway, Robbins experienced another power surge that caused the power steering to freeze.  The Jeep left the road and crashed into a berm, tree, and log, and Robbins suffered further injuries.

¶6      On June 1, 2016, two weeks prior to the final incident, Robbins filed a warranty claim against FCA US LLC, the manufacturer of the Jeep.  In March 2017, with the assistance of counsel, Robbins signed a settlement agreement in which she agreed to withdraw her warranty claim against the manufacturer in exchange for credit to purchase a new vehicle.  In addition, in the same settlement

_____

[1] For convenience, we refer to Russ Darrow and its insurer, Universal Underwriters Services Corp., collectively as "Russ Darrow."

agreement, Robbins agreed to surrender the Jeep to the manufacturer, which she did in April 2017. The settlement agreement released the manufacturer from liability. The settlement agreement also stated that any "authorized dealers"[2] were not released from liability regarding "claims of personal injury or negligence arising out of allegations of negligent repair [of the vehicle]."

¶7 In December 2018, Robbins filed the complaint that initiated this action against Russ Darrow and Brickner's (collectively, "the dealerships") alleging that the negligence of the dealerships' employees caused her injuries.[3] In response, the dealerships moved to dismiss Robbins's claims with prejudice as a sanction for spoliation of evidence. The dealerships argued that Robbins "knowingly and flagrantly" disposed of the Jeep as part of the settlement of the warranty claim with the manufacturer before she commenced this negligence action against the dealerships. According to the dealerships, Robbins's disposal of the Jeep before she commenced this lawsuit prejudiced the dealerships because they are prevented from inspecting or evaluating the Jeep.

¶8 At a hearing, the circuit court granted the dealerships' motions and entered an order dismissing Robbins's claims with prejudice. Robbins appeals.

¶9 Additional material facts are set forth in the following discussion.

---

[2] The parties do not dispute that Russ Darrow and Brickner's are "authorized dealers" within the meaning of that term in the settlement agreement.

[3] Keith Skidmore, a passenger in the vehicle during one of the above-mentioned accidents, was also named as a plaintiff in Robbins's complaint. Mr. Skidmore died in 2021, and Nancy K. Skidmore, the personal representative of Mr. Skidmore's estate, was substituted as a plaintiff. Robbins also added as subrogated plaintiffs in the circuit court Alex M. Azar, II, then-Secretary of the United States Department of Health and Human Services, and Robert Wilkie, then-Secretary of the United States Department of Veterans Affairs. Because Nancy Skidmore, Azar, and Wilkie have not participated in this appeal, we do not address those parties further in this opinion.

## DISCUSSION

¶10    On appeal, Robbins argues that, for three reasons, the circuit court erroneously exercised its discretion in dismissing her claims: (1) she discharged her duty to preserve the Jeep as evidence; (2) evidence as to the condition of the Jeep can be obtained from other sources; and (3) the circuit court did not determine that her conduct was "egregious" as is necessary to impose the sanction of dismissal. We address each argument in turn.

### I.  Robbins Did Not Discharge Her Duty to Preserve Evidence.

¶11    "Every potential litigant and party to an action has a duty to preserve evidence that is essential to a claim that will likely be litigated." ***Mueller v. Bull's Eye Sport Shop, LLC***, 2021 WI App 34, ¶18, 398 Wis. 2d 329, 961 N.W.2d 112. However, a party or potential litigant that establishes a "legitimate reason to destroy evidence" may discharge its duty to preserve relevant evidence within its control by providing the opposing party or potential litigant with each of the following: "(1) reasonable notice of a possible claim; (2) the basis for that claim; (3) the existence of evidence relevant to the claim; and (4) reasonable opportunity to inspect that evidence" before it is destroyed. ***American Fam. Mut. Ins. Co. v. Golke***, 2009 WI 81, ¶28, 319 Wis. 2d 397, 768 N.W.2d 729. "The specific method or frequency of such notice is less significant.  Rather, the trial court must use its own judgment, its own discretion, to determine whether the *content* of the notice is sufficient in light of the totality of the circumstances." ***Id.***, ¶29.

¶12    Initially, Robbins's argument fails because she does not develop any argument that she had "a legitimate reason to destroy evidence."  That, alone, is a sufficient basis to reject Robbins's argument.  *See **State v. Pettit***, 171 Wis. 2d 627,

647, 492 N.W.2d 633 (Ct. App. 1992) (holding that this court "cannot serve as both advocate and judge").

¶13     In addition, as to the four requirements set forth by our supreme court in *Golke*, Robbins argues that she discharged her duty to preserve the Jeep because she contacted the dealerships regarding the vehicle's power surges[4] and took the Jeep to Brickner's for repairs.  According to Robbins, these facts establish that both dealerships were informed of the basis of Robbins's negligence claim, were aware of the existence of the Jeep, and had the opportunity to inspect the Jeep before she surrendered it to the manufacturer.  But Robbins does not make any viable argument that she satisfied the first requirement in *Golke* that the dealerships had "reasonable notice" of her claims and the fourth requirement that she gave the dealerships a reasonable opportunity to inspect the vehicle.  *See Golke*, 319 Wis. 2d 397, ¶28. Rather, as the dealerships argue and Robbins does not dispute in this appeal, Robbins first notified the dealerships of her intent to pursue negligence claims against them when her attorney sent the dealerships a letter in May 2017—more than a month after she had surrendered the Jeep to the manufacturer—that she had retained counsel to pursue claims based on "negligent repairs."  We will not develop these arguments for Robbins.  *See Pettit*, 171 Wis. 2d at 647.  Thus, we conclude that Robbins has failed to demonstrate that she discharged her duty to preserve the Jeep.

---

[4] Robbins asserts that she attempted to contact Russ Darrow after the vehicle's third power surge that occurred in June 2016 but was told that Russ Darrow would not examine the vehicle and that Robbins would have to talk to "Corporate."  In support of this factual assertion, Robbins cites only to her response brief in the circuit court proceedings, which in turn cites to audio files that are not in the record.  Nonetheless, the dealerships do not dispute that Robbins contacted Russ Darrow after that power surge or that Russ Darrow told Robbins to talk to "Corporate."

## II.  Other Sources of the Missing Evidence and the Circuit Court's Sanction of Dismissal.

¶14    Robbins argues that the circuit court erroneously exercised its discretion because the court failed to determine whether the missing evidence could be obtained from other sources, and the circuit court failed to make a determination of egregiousness in support of the sanction of dismissal.  We begin our analysis by setting forth further governing principles and our standard of review regarding these issues.

### A.  Governing Principles and Standard of Review Regarding Spoliation of Evidence and Discretionary Decisions.

¶15    In determining whether spoliation of evidence has occurred and whether a sanction should be imposed, Wisconsin courts apply a "multi-step analytical process."  *Mueller*, 398 Wis. 2d 329, ¶19 (citing *Milwaukee Constructors II v. Milwaukee Metro. Sewerage Dist.*, 177 Wis. 2d 523, 532, 502 N.W.2d 881 (Ct. App. 1993)).  First, the court identifies, with as much specificity as possible, the evidence that is alleged to have been destroyed, altered, or lost.  *Id.* After the destroyed, altered, or lost evidence has been identified, the court makes a factual inquiry into the following three factors:  (1) the relationship of the destroyed, altered, or lost evidence to the issues in the present action; (2) the extent to which the destroyed, altered, or lost evidence can now be obtained from other sources; and (3) whether the party responsible for the evidence destruction, alteration, or loss knew or should have known at the time he or she caused the destruction, alteration, or loss of evidence that litigation against the opposing parties was a distinct possibility.  *Id.*  Finally, the court must decide whether, in light of the circumstances disclosed by the court's factual inquiry into the three previously identified factors,

sanctions should be imposed upon the party responsible for the evidence destruction, alteration, or loss and, if so, what the sanction should be. *Id.*

¶16 A circuit court's decision whether to impose sanctions for the spoliation of evidence, and what sanction to impose, is committed to the circuit court's discretion. *Id.*, ¶22. This court will affirm the circuit court's decision on spoliation sanctions if the circuit court "has examined the relevant facts, applied a proper standard of law, and, utilizing a demonstratively rational process, reached a conclusion that a reasonable judge could reach." *Id.* When reviewing a circuit court's discretionary decision, we review any questions of law independently, but we will not disturb the circuit court's factual findings unless those are clearly erroneous. *Xiong v. Vang*, 2017 WI App 73, ¶46, 378 Wis. 2d 636, 904 N.W.2d 814.

¶17 A discretionary decision must be supported by "evidence in the record that discretion was in fact exercised." *County of Kenosha v. C & S Mgmt., Inc.*, 223 Wis. 2d 373, 407, 588 N.W.2d 236 (1999). "We generally look for reasons to sustain discretionary decisions," and, "[w]hen the [circuit] court's reasoning is inadequate or incomplete, we may independently review the record to look for additional reasons to support the court's exercise of discretion." *Wolnak v. Cardiovascular & Thoracic Surgeons of Cent. Wis., S.C.*, 2005 WI App 217, ¶55, 287 Wis. 2d 560, 706 N.W.2d 667. However, this court "may not exercise the [circuit] court's discretion." *State v. Hydrite Chem. Co.*, 220 Wis. 2d 51, 65, 582 N.W.2d 411 (Ct. App. 1998). Accordingly, if the circuit court did not provide the reasoning for its discretionary decision or did not make the factual findings necessary to support that decision, we may reverse the court's ruling and remand the matter so that the court may set forth its findings of fact and reasoning with respect to its decision. *See id.*

### B. The Circuit Court Properly Exercised its Discretion in Considering Whether the Missing Evidence Is Available From Other Sources.

¶18    As noted, Robbins argues that the circuit court erroneously exercised its discretion in dismissing her claims because it did not determine whether the missing evidence could be obtained from other sources.[5]  *See Mueller*, 398 Wis. 2d 329, ¶19.  According to Robbins, the court failed to address whether the evidence of the Jeep's condition could be obtained from the Jeep's maintenance records or from a report that Robbins's expert prepared based on those maintenance records.  For the following reasons, we conclude that the court adequately addressed this factor of the factual inquiry.

¶19    In its oral ruling, the court addressed whether evidence of the Jeep's condition could be obtained from other sources:

> And I'm still stuck on this -- the number three of this decision:  Can it be obtained from other sources? … I think, artfully, [Robbins's attorney] did kind of articulate that there are, you know, maintenance records; but I'm still struggling with whether or not those particular records are the same kind of records that a defendant would need in order to assess whether or not the Jeep was functioning or not functioning in a manner that's consistent with what the plaintiff is alleging in her petition.
>
> So while, in most cases, I like to have cases just [be decided based on the] evidence and allow for that evidence to be heard and then give maybe a curative instruction after we've heard most of it; but, in this case, it seems like I'd be stuck with trying to hear theories that allow the maintenance records and other evidence, but still not [be able] to hear

---

[5] Robbins does not argue that the circuit court erroneously exercised its discretion as to the other factual aspects of the spoliation test.  Therefore, we need not, and do not, address in this opinion whether the court properly exercised its discretion as to the following:  (1) identifying the Jeep as the evidence that is alleged to have been destroyed, altered, or lost; (2) determining the relationship of the Jeep to the issues in the present action; and (3) determining whether Robbins knew or should have known at the time she surrendered the Jeep that litigation against the dealerships was a distinct possibility.  *See Mueller v. Bull's Eye Sport Shop, LLC*, 2021 WI App 34, ¶19, 398 Wis. 2d 329, 961 N.W.2d 112.

> evidence because the defendant never had the piece of property to be investigated whether or not the piece of evidence actually performed in the manner or didn't perform in the manner that the plaintiff asserts.
>
> So I think, … given what I've heard and the briefs I've [read] and the filing of motions, … in this rare situation, … granting the defendant's motion is appropriate; and I will dismiss this case … because I do believe that the issue of not having the particular Jeep is a fundamental flaw.

¶20      This portion of the court's ruling demonstrates that the circuit court adequately considered this factor of the spoliation factual inquiry.  Significantly, the court explained that the unavailability of the Jeep was a "fundamental flaw" because it deprived the dealerships of the opportunity to investigate Robbins's claims.  The court also explained that the maintenance records were not an adequate evidentiary substitute for the Jeep because those did not provide the dealerships with the necessary information to determine whether the repairs to the Jeep were performed negligently.  The court did not explicitly state that evidence of the Jeep's condition was not available from other sources, but the only reasonable interpretation of the circuit court's ruling is that the court concluded that information regarding the condition of the Jeep could not be obtained from the maintenance records or the expert report.  *See State v. Jeske*, 197 Wis. 2d 905, 912, 541 N.W.2d 225 (Ct. App. 1995) ("[The exercise of discretion] need not be a lengthy process.  While reasons must be stated, they need not be exhaustive.").

¶21      Robbins contends that the circuit court did not identify any relevant information about the condition of the Jeep that was missing from the maintenance records or expert report.  We are not persuaded because Robbins's contention misses the point.  Robbins fails to establish that the information in the maintenance records or the expert report would serve as an adequate substitute.  Rather, Robbins gives

only conclusory assertions without any factual basis in her briefing in this court to support her argument.

¶22 Because the transcript of the court's oral ruling demonstrates that the court examined the relevant facts, applied the proper standard of law, and used a rational process to reach a reasonable conclusion, we conclude that the court properly considered this factor as part of its discretionary decision.

### C. Sanction for Spoliation of Evidence.

¶23 Next Robbins argues that the circuit court erroneously exercised its discretion in dismissing her claims because it did not determine that her conduct was "egregious." We next set forth governing principles regarding sanctions for spoliation of evidence.

¶24 When spoliation is an issue, a circuit court has "a broad canvas upon which to paint in determining what sanctions are necessary." *Milwaukee Constructors II*, 177 Wis. 2d at 538. In determining which sanction to impose, the court should be mindful of the two main purposes served by sanctions for spoliation of evidence: "to uphold the judicial system's truth-seeking function" and "to deter parties from destroying evidence." *Mueller*, 398 Wis. 2d 329, ¶20. This court has recognized a number of possible sanctions that a circuit court may impose, including discovery sanctions, monetary sanctions, exclusion of evidence, reading the spoliation negative inference instruction (WIS JI—CIVIL 400) to the jury, and dismissal of one or more claims. *Id.* The party seeking the imposition of a sanction for the spoliation of evidence has the burden of proving that a sanction is appropriate. *See Estate of Neumann v. Neumann*, 2001 WI App 61, ¶¶82-83, 242 Wis. 2d 205, 626 N.W.2d 821; *Milwaukee Constructors II*, 177 Wis. 2d at 534 (holding that the parties moving for sanctions had not "presented evidence" that

11

dismissal was appropriate); *Jagmin v. Simonds Abrasive Co.*, 61 Wis. 2d 60, 80-81, 211 N.W.2d 810 (1973) ("[T]he plaintiff had not proven to a reasonable certainty by evidence which was clear, satisfactory and convincing that the defendant intentionally destroyed, or fabricated evidence." (footnote omitted)).

¶25    Dismissal of one or more of a party's claims is a particularly harsh sanction that should rarely be granted. *Garfoot v. Fireman's Fund Ins. Co.*, 228 Wis. 2d 707, 719, 599 N.W.2d 411 (Ct. App. 1999); *Morrison v. Rankin*, 2007 WI App 186, ¶20, 305 Wis. 2d 240, 738 N.W.2d 588. "[D]ismissal as a sanction for spoliation is appropriate only when the party in control of the evidence acted egregiously in destroying that evidence." *Golke*, 319 Wis. 2d 397, ¶42. "Egregious" conduct in this context is "a conscious attempt to affect the outcome of the litigation or a flagrant, knowing disregard of the judicial process." *Id.* If a party's spoliation of evidence is not "egregious"—for instance, if the spoliation is merely "negligent" or "volitional"—the circuit court may impose only lesser spoliation sanctions such as discovery sanctions and the spoliation negative inference instruction. *Id.*; *Milwaukee Constructors II*, 177 Wis. 2d at 535; *Jagmin*, 61 Wis. 2d at 81.

¶26    As noted, the circuit court dismissed Robbins's lawsuit as a sanction for Robbins's spoliation of evidence. However, the court did not state in its ruling that Robbins's conduct was egregious nor did it find that Robbins intended to affect the outcome of any future litigation or knowingly disregarded the judicial process. Instead, the court apparently dismissed Robbins's claims because Robbins's spoliation of evidence prejudiced the dealerships and prevented them from mounting a defense to Robbins's claims. We recognize that prejudice is an important consideration when a court decides what sanction to impose, if any, for spoliation of evidence. *See Garfoot*, 228 Wis. 2d at 731-32. However, a court may

12

dismiss one or more of a party's claims only if the court determines that the party's spoliation of evidence was egregious in that it was "a conscious attempt to affect the outcome of the litigation or a flagrant, knowing disregard of the judicial process." *Golke*, 319 Wis. 2d 397, ¶42. Prejudice alone is not a sufficient justification for dismissal. *See id.*; *Mohns Inc. v. BMO Harris Bank Nat'l Ass'n*, 2021 WI 8, ¶36, 395 Wis. 2d 421, 954 N.W.2d 339. Therefore, we conclude that the circuit court erroneously exercised its discretion because it did not apply the proper standard of law.[6]

¶27 The dealerships concede that the court did not explicitly state that Robbins's spoliation was egregious. Nonetheless, they argue that we should affirm

---

[6] Based on our review of the parties' briefing to the circuit court and the transcript of the motion hearing, we observe that confusion may have been generated in the circuit court by a misstatement of the legal standards by Robbins—a misstatement that was contrary to her own interest. In her response brief to the dealerships' motion for sanctions, Robbins asserted: "In rare instances then, dismissal may be proper where egregious conduct is absent but an opposing party's ability to defend is impaired to the degree that a fair trial is not possible." Robbins repeated this assertion during the motion hearing: "Egregious conduct must be found to sustain dismissal of an action except if it is an extraordinary case where there is no possible way for the defendants to fairly defend." For support, Robbins cited this court's decision in *Sentry Insurance v. Royal Insurance Co. of America*, 196 Wis. 2d 907, 539 N.W.2d 911 (Ct. App. 1995). However, this court specifically rejected this interpretation of *Sentry* in *Garfoot v. Fireman's Fund Insurance Co.*, 228 Wis. 2d 707, 599 N.W.2d 411 (Ct. App. 1999). In *Garfoot*, this court concluded that *Sentry* did not modify the standard for dismissal and stated that a finding of egregious conduct is necessary to dismiss one or more of a party's claims. *Garfoot*, 228 Wis. 2d. at 723-24. This court's statement in *Garfoot* was reaffirmed by our supreme court. *American Fam. Mut. Ins. Co. v. Golke*, 2009 WI 81, ¶¶41-42, 319 Wis. 2d 397, 768 N.W.2d 729.

Despite the fact that Robbins misstated the legal standard (to her disadvantage) in the circuit court, we do not address whether she forfeited her appellate argument on the "egregious" topic based on this misstatement to the circuit court. On appeal, Robbins provides this court with the proper standard for dismissal, although without acknowledging that she provided a different standard during the circuit court proceedings. For their part, the dealerships provided the proper standard for dismissal in their main brief to the circuit court. However, the dealerships did not mention in their reply brief to the circuit court or during the circuit court motion hearing that Robbins provided the court with the wrong standard. In their response brief on appeal, the dealerships do not contend that Robbins failed to make an argument in the circuit court under the correct legal standard or that Robbins otherwise forfeited her argument regarding this legal standard.

the circuit court's dismissal order because it can be inferred that the court determined that Robbins's surrender of the Jeep was egregious. According to the dealerships, the court must have determined that Robbins's conduct was egregious because it is undisputed that Robbins's counsel was involved in the settlement of the manufacturer warranty claim and was aware that the settlement agreement did not release liability for claims of negligent repair against the dealerships. These facts certainly could provide support for a determination by the circuit court that Robbins intended to affect the outcome of any future litigation or flagrantly disregarded the judicial process. However, it is up to the circuit court to determine if those and other material facts necessarily lead to that conclusion. Here, the circuit court did not make any findings of fact regarding Robbins's mental state or apply the proper legal standard for dismissal, so we lack a sufficient basis to conclude that it properly exercised its discretion. As explained above, we may not exercise the court's discretion. **Hydrite Chem.**, 220 Wis. 2d at 65. Therefore, we reverse the court's order dismissing Robbins's claim as a sanction for spoliation of evidence and remand the matter so the court may set forth its findings of fact, apply the proper legal standard, and provide its reasoning as to the proper sanction, if any, for Robbins's conduct.

## CONCLUSION

¶28 For the foregoing reasons, the order of the circuit court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded for further proceedings.

14

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2021-22).