**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 20, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1525**

STATE OF WISCONSIN

Cir. Ct. No. **2021CV399**

IN COURT OF APPEALS
DISTRICT II

MICHAEL KOEHLER AND MEAGAN KOEHLER,

PLAINTIFFS-APPELLANTS,

V.

ERIE INSURANCE COMPANY,

DEFENDANT-RESPONDENT.

APPEAL from orders of the circuit court for Manitowoc County: MARK ROHRER, Judge. *Affirmed in part; reversed in part and cause remanded.*

Before Neubauer, Grogan and Lazar, JJ.

Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).

¶1 PER CURIAM. Michael Koehler and Meagan Koehler appeal from an order of the circuit court granting Erie Insurance Company's motion for judgment on the pleadings and an order denying the Koehlers' motion for leave to amend their complaint and to reconsider judgment. The Koehlers also argue that the court erred in enlarging the time for Erie to file an answer on the basis of excusable neglect, thereby granting Erie relief from default judgment. There was no erroneous exercise of discretion in the circuit court's decision to grant relief from default judgment and to enlarge the time for Erie to file an answer, so we affirm with respect to those issues. We conclude that the Koehlers are correct, however, in arguing that the circuit court committed legal error in granting judgment on the pleadings in favor of Erie and denying their motion for reconsideration. We therefore reverse the circuit court's order with respect to judgment and remand for further proceedings consistent with this opinion.

¶2 According to their complaint, "the Koehlers woke up to discover their backyard was submerged in approximately a foot of water that had advanced up into their house and infiltrated into their basement" on August 27, 2021. A water engineer visited their home and determined that a drain approximately one-quarter mile away had backed up and caused the sudden rise of water in the Koehlers' backyard, which caused significant damage to their basement. The Koehlers submitted a claim to Erie under their homeowners' insurance policy, which included the following language in Paragraph 9 under "**EXCLUSIONS – What We Do Not Cover**":

> "**We**" do not pay for loss resulting directly or indirectly from any of the following, even if other events or happenings contributed concurrently, or in sequence, to the loss:
>
> 9. by water damage, meaning:

    a.    flood, surface water, waves, including tidal wave and tsunami, tides, tidal water, storm surge or overflow of a body of water. "**We**" do not cover spray from any of these, whether or not driven by wind;

    b.    water or sewage which backs up through sewers or drains or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area.

    This exclusion does not apply if Sewers Or Drains Backup Coverage is shown on the "**Declarations**." However, the amount shown on the "**Declarations**" is the maximum amount "**we**" will pay for any one direct loss caused by water or sewage which backs up through sewers or drains, or which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area;

    c.    water below the surface of the ground. This includes water which exerts pressure on, or flows, seeps or leaks through any part of a building or other structure, including sidewalks, driveways, foundations, pavements, patios, swimming pools or decks[.]

The complaint alleges that the Koehlers "have specific coverage for Sewer and Drain Backups" pursuant to Paragraph 9.b.

¶3    Erie denied the claim days after the Koehlers submitted it. The denial letter cited sections 9.a. and c. of the water damage exclusion reproduced above. The letter did not refer to section 9.b., which (according to the Koehlers) explicitly states "that the water damage exclusions do not apply in the case of a Sewer or Drain Backup." After receiving Erie's denial and an equivocal response

to their request that Erie reconsider, the Koehlers filed suit against Erie alleging breach of contract and bad faith.

¶4   Via email, counsel for the Koehlers sent a file-stamped copy of the summons and complaint to the adjuster at Erie with whom they had been dealing. The email communicated that counsel would "effectuate service on the registered agent unless … Erie will accept service by some other means." After hearing nothing from this adjuster—apparently because he had been instructed to take no action on the Koehlers' claim—the Koehlers served Erie's registered agent on October 5, 2021.

¶5   Erie failed to answer the Koehlers' complaint by the November 19 deadline, so the Koehlers moved for default judgment on November 22, 2021. Erie responded with an answer on November 29, 2021 and a motion to enlarge the time for filing an answer pursuant to WIS. STAT. § 801.15(2)(a) (2021-22),[1] which provides that a court may enlarge the time to act "on motion for cause shown and upon just terms" if "the failure to act was the result of excusable neglect." Its brief in support of this motion and in opposition to the Koehlers' motion for default explained Erie's standard procedure for accepting service via its registered agent: the in-office person who receives the relevant documents scans them into its claim information system and then notifies the appropriate person to retain counsel. For reasons not specifically recalled by the in-office person on the day the Koehlers' complaint was served—but perhaps due to distraction by "the rush of business"— the in-office person on that particular day directed someone to scan the complaint

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

and summons into Erie's system, but never notified the person responsible for retaining counsel of the lawsuit.

¶6      The circuit court granted Erie's motion to extend the deadline to answer. It concluded that Erie's employees' actions with respect to the Koehlers' complaint constituted "excusable neglect" because "there was a procedure in place" for handling service of a summons and complaint—one that had been successful in ensuring timely answers for years. *See Casper v. American Int'l S. Ins. Co.*, 2011 WI 81, ¶47, 336 Wis. 2d 267, 800 N.W.2d 880 (affirming decision to enlarge time to answer based on excusable neglect by insurance company where company had an "established routine [that] worked previously to provide timely answers"). Although the procedure failed in this instance, the court determined that failure was not due to "carelessness or inattentiveness" but to a clerical error of the sort discussed in *Sentry Insurance v. Royal Insurance Co. of America*, 196 Wis. 2d 907, 539 N.W.2d 911 (Ct. App. 1995). In that case, our supreme court held that "[w]hile clerical error is not always excusable, a clerk's misrouting is not as a matter of law inexcusable neglect" and affirmed a circuit court's decision to enlarge the time to file an answer. *Id.* at 915. Here, the circuit court found that Erie "took swift action" after the error was discovered and that the Koehlers did not "demonstrate[] the necessary showing of prejudice to them" resulting from the ten-day delay in Erie's answer. *See id.* at 915-16 (noting that "[p]rompt action may be relevant to determine whether the neglect to act was excusable" and that the plaintiff had "made no claim that it was prejudiced as a result of [a] two-day delay"). The Koehlers did not contest that Erie's answer set forth a "meritorious defense" as required to avoid default judgment under WIS. STAT. § 806.07(1)(a) and *Shirk v. Bowling, Inc.*, 2001 WI 36, ¶19, 242 Wis. 2d 153, 624 N.W.2d 375; thus, the court found that the answer had set forth a defense that would survive a

5

motion for judgment on pleadings and that Erie was entitled to relief from default judgment.

¶7      This is the first issue on appeal.  The Koehlers assert that the circuit court erred in granting Erie's motion to enlarge the time to file an answer, arguing that Erie's default was the result of deliberate choice rather than excusable neglect—particularly when the Koehlers had sent the adjuster a file-stamped copy of their complaint and he was instructed to disregard it.  "The decision to grant a motion to enlarge time for filing an answer, and correspondingly to deny a default judgment, rests in the sound discretion of the circuit court."  *Casper*, 336 Wis. 2d 267, ¶30.  A finding of excusable neglect will not be overturned unless the appellant clearly shows an erroneous exercise of discretion.  *Id.*, ¶36.  This is "an extremely high bar," *id.*, ¶48 (citation omitted), and requires showing that the circuit court failed to apply the correct law or made an unreasonable decision based on the facts.  *Sentry*, 196 Wis. 2d at 914.

¶8      The Koehlers do not actually argue that Erie's system for responding to complaints vis-à-vis its registered agent is bad; they characterize Erie's system as "literally the worst possible procedure for dealing with receipt of a new summons and complaint" based only on the fact that the adjuster who had been informed of the filed (but not served) complaint had been told to disregard it.  The Koehlers acknowledge that they did not effectuate personal service on Erie via the adjuster (or the person who instructed him to disregard the complaint), that these employees were not authorized to receive Erie's process, and that they did not communicate with these employees after serving the complaint.  They do not cite any cases in which inexcusable neglect was found based on a plaintiff's pre-service communication to a defendant's employee about its intent to sue the defendant.  The only case they do cite in support of their position is *Martin v.*

*Griffin*, 117 Wis. 2d 438, 443-44, 344 N.W.2d 206 (Ct. App. 1984), which is inapposite; default judgment was affirmed in that case where the employee responsible for handling the case after process was served affirmatively decided not to file an answer based on a misunderstanding of the law.

¶9 We agree with the circuit court that the adjuster's pre-service receipt of a copy of the complaint and summons is irrelevant to the excusable neglect analysis. At the time the Koehlers informed the adjuster that they had filed a lawsuit and intended to serve the summons and complaint, they had not triggered any obligation on Erie's part to file an answer. Indeed, the Koehlers' attorney acknowledged the necessary additional step—yet to be taken—in his email, when he told the adjuster that he would serve the registered agent "unless" Erie would agree to accept service by other means. We are aware of no precedent (and the Koehlers have pointed to none) that would support imposing a duty on an employee that is informed of a party's intent to serve his employer with a complaint in the future to follow up and determine whether that party ever managed to do so.

¶10 The circuit court looked at the relevant facts—the events that happened *after* the Koehlers properly served Erie with their complaint and a summons—and applied the correct law set forth in WIS. STAT. § 801.15(2)(a). It considered the factors of Erie's response time after becoming aware of its mistake and possible prejudice to the Koehlers by the delay as required by our supreme court's interpretation of that statute, and reasonably concluded that Erie's default was due to excusable neglect. *See* **Casper**, 336 Wis. 2d 267, ¶47; **Sentry**, 196 Wis. 2d at 915-16. It further found (based on the Koehlers' concession) that Erie's answer set forth a meritorious defense as required by WIS. STAT. § 806.07(1)(a) and **Shirk**, 242 Wis. 2d 153, ¶19. We cannot conclude that the circuit court

erroneously exercised its discretion, and therefore we affirm with respect to granting Erie relief from default and an enlarged time for filing its answer.

¶11    The Koehlers' other issue on appeal stems from the circuit court's decision to grant Erie's motion for judgment on pleadings, which Erie filed concurrently with its motion to enlarge the time for an answer. The court granted this motion based on the exclusion in Paragraph 9.c. of the insurance policy, finding that it "applies to [exclude coverage for] water damage from water below the surface that seeps into any part of the building." Recognizing that the court apparently assumed that the water that damaged the Koehlers' house had come from beneath the surface, the Koehlers moved for reconsideration in light of the "highly pertinent and relevant" fact that they have a walkout basement. They explained that the exclusion did not apply because the water that damaged their home was not subsurface water; it "did not travel through the ground first" or "infiltrate from below ground" but rather, as alleged in their complaint, "advanced up" to the house (and, as clarified later, "entered the basement through the walkout basement door"). They also requested leave to amend their complaint to the extent it was necessary to clarify this issue.

¶12    The circuit court denied this motion, stating that it did not make a "manifest error in fact" that would justify reconsideration because "[t]here was no information in the record that the plaintiffs could exit the basement through a door onto their property" prior to the motion for reconsideration and "[a] standard basement does not include a door exiting the basement." It faulted the Koehlers for "fail[ing] to clearly direct the Court to this highly pertinent and relevant information" about their walkout basement, and concluded there were no grounds for reopening the judgment or amending the pleadings.

8

¶13     We review a circuit court's order granting a motion for judgment on the pleadings de novo. ***Commercial Mortg. & Fin. Co. v. Clerk of the Cir. Ct.***, 2004 WI App 204, ¶9, 276 Wis. 2d 846, 689 N.W.2d 74.  We must "examine the complaint to determine whether a claim has been stated." ***Soderlund v. Zibolski***, 2016 WI App 6, ¶21, 366 Wis. 2d 579, 874 N.W.2d 561 (2015).  In so doing, we must accept all factual allegations in the complaint, and all reasonable inferences from those factual allegations, as true. ***Id.***; *see also* ***Kenner v. Edwards Realty & Fin. Co.***, 204 Wis. 575, 586, 236 N.W. 597 (1931) ("On a motion for judgment on the pleadings, … every allegation and inference of the pleadings should be considered in the most favorable light to the person against whom judgment is asked.").  The Koehlers' complaint included the terms and conditions of the insurance policy at issue, which is central to their claim; thus, the language of the policy is appropriately considered at this stage. *See* ***Soderlund***, 366 Wis. 2d 579, ¶¶37-38.

¶14     The Koehlers' complaint alleged that there was water damage to their basement due to a drain backup, for which they had coverage under Erie's insurance policy.  The general term "basement" includes basements that are fully below ground and those that are not, like the Koehlers', and it is reasonable to infer that the water that entered their basement entered at a point that was not below ground. Excluding this possibility and assuming the water damage at issue could only have come from subsurface water is legal error because it rejects a reasonable inference in favor of the party against whom judgment is asked. *See* ***Kenner***, 204 Wis. at 586; ***Soderlund***, 366 Wis. 2d 579, ¶21.  The parties have pointed to no language in the policy that would exclude coverage for this type of water damage.  We conclude that the Koehlers' complaint did, in fact, state a claim for relief and that judgment on the pleadings was not appropriate.  Thus,

both the order granting that judgment and the order denying the subsequent motion for reconsideration were inappropriately decided by the court.

¶15 For the foregoing reasons, we affirm the circuit court's order granting Erie relief from default and enlarging time to file an answer. We reverse the circuit court's order granting judgment on the pleadings and the order denying the motion for reconsideration of that order and remand for further pleadings consistent with this opinion.

*By the Court.*—Orders affirmed in part; reversed in part and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.